**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MENA S. DOUS | : | |
| | : | |
| Appellant | : | No. 1688 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 15, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-SA-0000096-2023

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: OCTOBER 18, 2024**

Mena S. Dous ("Appellant") appeals, *pro se*, from the judgment of sentence imposed by the Court of Common Pleas of Dauphin County following a summary trial on traffic violations. We dismiss the present appeal based on Appellant's failure to ensure the record was complete for review of his issues and for substantial defects in his brief.

A detailed recitation of the procedural and factual history is unnecessary to our disposition. Briefly, in a summary appeal held on November 15, 2023, the trial court found Appellant guilty of violating 75 Pa.C.S.A. § 3309 (Driving on Roadways Laned for Traffic and 75 Pa.C.S.A. § 3744(a) (Failing to Provide Information to Render Aid to Accident Victim) and sentenced Appellant to pay a $25.00 fine for each offense. On December 11, 2023, Appellant timely filed

---

[*] Former Justice specially assigned to the Superior Court.

the present appeal and thereafter filed a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

Consistent with his Rule 1925(b) statement, Appellant sets forth in his brief a statement of questions presented asserting, *inter alia*, that the trial court erred in failing to grant his pre-trial motion for discovery, and made several erroneous evidentiary rulings. The trial court opined in its Rule 1925(b) opinion, however, that Appellant's appeal should be dismissed because Appellant failed to follow the dictates of Pa.R.A.P. 1911(a), which requires an appellant to request and pay for transcripts of proceedings. Without such transcripts as part of the record in the present appeal, the trial court observes, a proper review of Appellant's issues is not possible, making dismissal appropriate under Pa.R.A.P. 1911(d), discussed **infra**.

"It is axiomatic that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal and, for purposes of appellate review, what is not of record does not exist." **Commonwealth v. Edwards**, 71 A.3d 323, 324 n.1 (Pa. Super. 2013) (citation omitted). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. B.D.G.**, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*) (citations omitted). "This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record." **Id.** (citation omitted).

- 2 -

Rule 1911(a) of the Pennsylvania Rules of Appellate Procedure provides:

> The appellant **shall** request any transcript required under this chapter in the manner and **make any necessary payment or deposit** therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration.

Pa.R.A.P. 1911(a) (emphasis added); *see also **Commonwealth v. Johnson**,* 668 A.2d 97, 102 (Pa. 1995) (citing Rule 1911 and stating it is an appellant's "responsibility to ensure that any relevant transcripts be ordered and filed as part of the original record.").

> The plain terms of the [Appellate] Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record. ***See***, ***e.g.***, ***Commonwealth v. Steward***, 775 A.2d 819, 833 (Pa. Super. 2001) (noting that it was not the responsibility of the trial court to order the notes of [testimony] of defense counsel's closing [argument,] as Rule 1911 "makes it abundantly plain that it is the responsibility of the [a]ppellant to order all transcripts necessary to the disposition of his appeal."); ***Commonwealth v. Peifer***, 730 A.2d 489, 492 n.3 (Pa. Super. 1999) (explaining that it is the responsibility of the appellant and not the court to provide a complete record for review, including any necessary transcripts).

***Commonwealth v. Lesko***, 15 A.3d 345, 410 (Pa. 2011) (citations modified).

Rule of Appellate Procedure 1911(d) governs the consequences for an appellant's failure to order relevant transcripts:

> **(d)** Effect of failure to comply. If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include **dismissal of the appeal**.

Pa.R.A.P. 1911(d) (emphasis added).

- 3 -

Here, the summary appeal of November 15, 2023, was not transcribed because Appellant failed to order a transcript of the proceeding, and the absence of this transcript prevented the trial court from providing a meaningful opinion regarding the issues giving rise to this appeal. Likewise, because we do not have a complete record before us, we cannot review the issues challenging the trial court's evidentiary rulings. Accordingly, we must dismiss the appeal without considering its merits. ***Id. See Commonwealth v. Powell***, No. 18 EDA 2024, 2024 WL 3964928, at \*2–3 (Pa. Super. Ct. Aug. 28, 2024) (dismissing appeal pursuant to Rule 1911(a) and (d) where an incomplete record precluding appellate review was caused by Appellant's failure to pay the required deposit amount necessary to transcribe the guilty plea and sentencing hearings) (non-precedential decision).[1]

We also dismiss the present appeal because substantial defects in Appellant's brief preclude appellate review. Appellate briefs must materially conform to the requirements set forth in our Rules of Appellate Procedure, and we may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P.

---

[1] Pursuant to Pa.R.A.P. 126(b) (effective May 1, 2019):

> (1) As used in this rule, "non-precedential decision" refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 ...
>
> (2) Non-precedential decisions as defined in (b)(1) may be cited for their persuasive value.

- 4 -

2101. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

"The Rules of Appellate Procedure [ ] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). ***See also*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c); ***see also Commonwealth v. B.D.G.***, 959 A.2d 362, 371–72 (Pa. Super. 2008) (finding waiver where appellant failed to cite any pertinent authority to support his argument). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

The substantial defects in Appellant's brief preclude meaningful appellate review. Specifically, his brief's argument section is substantially underdeveloped, as he fails to provide citation to any legal authority to support his arguments and, accordingly, fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and caselaw. *See* Pa.R.A.P. 2119(a); *B.D.G.*, 959 A.2d at 371–72. Accordingly, Appellant's brief fatally impedes our review, and we alternately rely on this basis to dismiss the present appeal.

Appeal dismissed.[2]

---

[2] We acknowledge that Appellant has an Application for Relief, dated 7/15/24, requesting that this Court strike the Commonwealth's brief as untimely. By order of 7/17/24, this Court denied the motion to the extent the record showed the Commonwealth's brief was timely. To the extent Appellant's motion responded to arguments in the Commonwealth's brief, we denied the motion "without prejudice to Appellant's ability to request leave to file a reply brief *nunc pro tunc* or to raise his arguments before the panel assigned to decide the merits of the appeal." Order, 7/17/24. Over two months later, and after the time in which this Court commenced review of the present appeal, Appellant filed a second Application for Relief on 9/25/24, explaining that he did not file a reply brief because he believed the Commonwealth's brief was untimely. He asked this Court, therefore, to consider the issues raised in his previous Application to Strike in lieu of a reply brief. Because Appellant declined to exercise in a timely manner either option afforded him in our Order, we DENY his second Application for Relief.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/18/2024</u>